AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Nebraska

**SEALED**

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| VICTOR GILBERTO PEREZ | ) | Case No.   8:26MJ177 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____April 29, 2026_____ in the county of _____Douglas_____ in the
_____ District of _____Nebraska_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Jonathan Lee, Special Agent with ATF
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable
electronic means.

Date:   5/1/2026

*Judge's signature*

City and state:   Omaha, Nebraska            Michael D. Nelson, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Special Agent Jonathan Lee of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

**INTRODUCTION AND AGENT BACKROUND**

1.      I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since March of 2018. I am a graduate of the Criminal Investigator Training Program and ATF Special Agent Basic Training program held at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received specialized training in the enforcement of federal firearm and explosive laws. My duties and responsibilities include participating in the investigation and prosecution of persons who violate federal firearm laws and related federal criminal laws. As an ATF SA, I have conducted physical surveillance, interviewed sources of information and defendants, served and reviewed telephone court orders, served search warrants and arrest warrants, and investigated persons who have violated federal laws. The majority of these investigations involved firearms and/or narcotics-related violations. In 2021, I completed the Digital Media Collection Specialist course with ATF. In 2022, I was certified as a Cellebrite Certified Physical Analyst (CCPA) and a Cellebrite Certified Operator (CCO). Cellebrite is one of the many forensic tools used to extract and examine digital evidence contained in digital devices such as computers, mobile devices, digital storage devices, etc. I have completed ongoing digital media training. As of January 22, 2025, the Attorney General authorized ATF to enforce Title 8 of the United States Code for immigration related charges.

2.      Prior to working for the ATF, I was employed as a law enforcement officer for the Lakewood Police Department in Lakewood, Colorado, from March 2005 through February 2018,

serving as a patrol officer, persons-related crimes detective, and patrol supervisor. As a law enforcement officer with the Lakewood Police Department, I conducted physical surveillance, interviewed sources of information and defendants, served and reviewed telephone court orders, served search warrants and arrest warrants, investigated violations of the Colorado Revised Statutes to include firearms and narcotics violations. Further, I have testified in judicial proceedings in both state and federal courts involving prosecutions relating to violations of state and federal firearms laws.

**AFFIDAVIT PURPOSE**

3.      This affidavit is submitted in support of a criminal complaint and arrest warrant for and against Victor Gilberto PEREZ, W/M, DOB XX/XX/1998 ("PEREZ").

4.      Based on my training and experience and the facts set forth in this affidavit, your Affiant submits there is probable cause to believe that PEREZ violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm.

5.      Because this affidavit is submitted only to obtain a criminal complaint and arrest warrant, I have set forth only those facts I believe are necessary to establish probable cause for the above-mentioned offense. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**INVESTIGATION**

6.      On April 28, 2026, ATF became aware of a suspected straw purchaser (suspicious firearm purchase). A female, born in 1999 (hereinafter known as "Female-1"), was scheduled to pick up a firearm from Federal Firearms Licensee (FFL) Rudy's Gun Sales located at 4358 S 87th Avenue, Ralston, Nebraska, on April 29, 2026. Female-1 has a Nebraska driver's license with an

address at 4917 S 77th Avenue, Ralston, Nebraska (hereinafter "the Residence"). Female-1 is the registered owner of a white 2017 Dodge Durango bearing Nebraska license plate XXXXXX ("the Dodge") at 4917 S 77th Avenue, Ralston, Nebraska (the Residence).[1] The Residence is approximately 1.2 miles from Rudy's Gun Sales. Law enforcement learned Female-1 purchased two pistols (Ruger, model Ruger-57, 5.7 caliber pistol, SN: 644-11800, and a Smith & Wesson, Bodyguard 2.0, .380 caliber pistol, SN: EPV3731) on March 24, 2026, at Scheel's located at 17202 Davenport St, Omaha, Nebraska.

7.      On April 29, 2026, law enforcement conducted surveillance at the Residence and at Rudy's Gun Sales. At the Residence, a male, later identified as PEREZ, entered the driver's seat of the Dodge while Female-1 entered as a passenger. PEREZ, Female-1, and a small child went to Rudy's Gun sales where PEREZ stayed in the vehicle. Female-1 went into Rudy's Gun Sales, completed the requisite ATF Form 4473, and purchased an ATI, model Alpha Maxx, 5.56 mm pistol, with serial number NX119933 ("the Alpha Maxx"). Law enforcement covertly witnessed the firearm transaction and observed Female-1 leave the business with the Apha Maxx in a firearm box. Female-1 exited the business and placed the firearm box in the backseat of the Dodge. PEREZ and Female-1 left the business and were contacted during a traffic stop for a traffic violation. PEREZ was identified as the driver and released on a verbal warning. PEREZ and Female-1 returned to the Residence.

8.      On April 29, 2026, law enforcement maintained surveillance the Residence and observed PEREZ remove the firearm box (for the Alpha Maxx) from the vehicle and bring it into the Residence. Female-1 remained in the vehicle with the small child. PEREZ soon returned empty handed and got back into the driver's seat. PEREZ and Female-1 then drove to FFL

---

[1] Affiant is aware of the license plate but omits it for purposes of this affidavit.

Cabela's located at 12703 Westport Parkway, La Vista, Nebraska. Female-1 remained in the Dodge while PEREZ went into Cabela's. Law enforcement maintained surveillance on Female-1 and PEREZ. Law enforcement observed PEREZ select assorted ammunition (.22lr caliber, .380 caliber and .40 caliber) and complete the purchase. PEREZ returned to the Dodge carrying the ammunition and started driving back toward the Residence.

9.    Once PEREZ was near the Residence, a traffic stop was initiated with emergency red and blue lights and a siren by an unmarked police vehicle, but PEREZ eluded law enforcement. PEREZ eventually stopped the Dodge and fled on foot. PEREZ was observed running into a nearby restaurant restroom and was taken into custody.

10.    Post-*Miranda*, Female-1 stated she knew PEREZ had a warrant, which was why he fled law enforcement.[2] Female-1 admitted there would be approximately ten (10) firearms in the residence and has not seen PEREZ handle her firearms. Female-1 likes firearms; however, PEREZ has provided her with firearm related knowledge. She has relied upon his knowledge of firearms to assist her with purchasing various firearms. She knew PEREZ could not legally possess firearms. She admitted to smoking marijuana daily with PEREZ.

11.    Female-1 provided written consent to search the Residence. Law enforcement began to search the Residence and observed the firearm box (firearm was in the box) for the Alpha Maxx that had just been purchased on one of the dining table chairs in the kitchen. A firearm box (firearm was in the box) for the Ruger Ruger-57 was on the dining table. A glass pipe commonly used to smoke marijuana, a plate used to roll marijuana cigarettes, and a small container of a green leafy substance (suspected marijuana) were found near the firearms on the

---

[2] There was an outstanding state arrest warrant for Perez. He was taken into custody on the warrant.

kitchen counter. Several firearm boxes/cases, ammunition containers, and firearm related items were found in a small stairwell storage area near a set of stairs off of the kitchen that leads to the basement. The stairwell storage area has a small cabinet like door that does not lock. In an overhead storage area in the basement, law enforcement located several storage containers of green leafy substance (suspected marijuana). The containers were labeled with different names, which is common with different strands of marijuana. Scales, clear baggies, and additional marijuana related smoking paraphernalia were located on nearby tables. Some of the items located, including the clear baggies and scales, based on Affiant's training and experience, appeared consistent with an intent to distribute controlled substance. The quantity of marijuana located appeared to be consistent with an intent to distribute.

12.     Post-*Miranda*, PEREZ admitted he was a convicted felon, was aware he could not possess firearms, admitted he handled the Alpha Maxx purchased early that day, admitted to handling some of Female-1's firearms in the past, that his DNA would be on some of the firearms, admitted to previously shooting one of Female-1's .22 caliber firearms about three months prior, and admitted he smoked marijuana daily.[3] PEREZ denied selling marijuana. PEREZ admitted the basement was his area of the residence.

13.     On April 29, 2026, Affiant sought a federal search warrant to search the Residence, which was authorized. During the search of the Residence, agents obtained the following items of evidence:

---

[3] PEREZ indicated that he carried the box containing the Alpha Maxx inside the Residence and knew that the Alpha Maxx was inside the box.

a. Thirteen firearms consisting of pistols, rifles, and AR pistols – none manufactured in the State of Nebraska. (One firearm found in an upper kitchen cabinet).

b. Numerous firearm related parts/magazines/accessories.

c. Ballistic helmet.

d. Plate carrier with rifle magazines.

e. Suspected unmarked silencer – found with other firearm related items and a shipping label to "Glo Mayito" with address 4917 S 77th Avenue (which is the Residence).

f. Several boxes/containers of assorted ammunition.

g. Two containers of approximately 313 grams of suspected cocaine – field tested positive for the presence of cocaine.

h. Thirteen heat sealed packages of suspected marijuana.

i. Ten large containers of suspected marijuana.

j. Several small containers of suspected marijuana with different labels.

k. Multiple drug ledgers detailing types of product, amounts and other financial documentation, including one with PEREZ's name, an aka "Glo Mayito."

l. Several drug paraphernalia items.

m. Drug packaging items – scales, clear baggies, and rubber bands.

n. Several THC Cartridges.

o. Suspected THC wax.

  p. Several used heat seal bags with different labels – similar to heat sealed bags of suspected marijuana that were located in the same room.

  q. Approximately $9,515 in U.S. currency (found in the upstairs bedroom).

14. All items, with the exception of one firearm and the $9,515 in U.S. currency, was found in the basement area of the residence. The quantity of marijuana and cocaine recovered from the Residence was consistent with an intent to distribute.

15. PEREZ has previously been convicted of a felony offense punishable by greater than one year of imprisonment. On or about September 27, 2021, in case number CR 21-31, PEREZ was sentenced in the District Court of Cass County, Nebraska, for the felony offense of Possession of a Controlled Substance, to wit: cocaine, a Class IV Felony.

16. The Alpha Maxx, which Female-1 picked up on April 29, 2026, and which PEREZ admitted to handling, was manufactured outside of Nebraska.

**CONCLUSION**

17. Based on the aforementioned information, your Affiant submits that probable cause exists that on or about April 29, 2026, in the District of Nebraska, the defendant, PEREZ, was a convicted felon and in possession of a firearm, in violation of Title 18 U.S.C. § 922(g)(1).

18. As such, your Affiant respectfully requests that the Court issue a criminal complaint and arrest warrant against PEREZ.

19. As of about May 1, 2026, PEREZ was being held in state custody in Nebraska in a different matter. Affiant requests that this affidavit and the arrest warrant and any accompanying documents be sealed until such time that PEREZ is arrested on this warrant and/or a detainer is placed on him.

I, Jonathan Lee, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, (ATF), being duly sworn, hereby depose and state that the above-mentioned information is true to the best of my knowledge and belief.

_____
Jonathan Lee
ATF Special Agent

Sworn to before me by telephone or other reliable electronic means:

Date:  May 1, 2026

City and State: Omaha, Nebraska

_____
Michael D. Nelson, U.S. Magistrate Judge